**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CHRISTOPHER HERNANDEZ,**

        **Plaintiff,**

   **v.**                         **CASE NO. 2:11-CV-10755
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT COURT**

**RICHARD GLANDA,**

        **Defendant,**
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

### I.    INTRODUCTION

The Court has before it Plaintiff Christopher Hernandez's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Wayne County Jail in Detroit, Michigan. Having reviewed Plaintiff's complaint, the Court dismisses it for failing to state a claim upon which relief can be granted.

### II.    STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;

1

    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law.

*Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. COMPLAINT

Plaintiff alleges that he retained the defendant to represent him in a state criminal case in the Wayne County Circuit Court. Plaintiff claims that counsel's representation has been ineffective in a number of ways. Plaintiff further alleges that defendant conspired with the prosecutor to violate his constitutional rights. Plaintiff requests monetary damages.

### IV. DISCUSSION

Plaintiff's complaint must be dismissed. Conduct of a retained attorney does not rise to the level of "state action" within the meaning of 42 U.S.C. § 1983. *Lemmons v. Law Firm of Morris and Morris*, 39 F. 3d 264, 266 (10th Cir. 1994); *Holbird v. Armstrong-Wright*, 949 F. 2d 1019, 1020 (8th Cir. 1991); *Lindsey v. Jansante*, 806 F. Supp. 651, 654 (E.D. Mich. 1992). A lawyer does not act under the color of state law merely because he or she is a member of a state bar association. *Wolfe by Hedges v. Bias*, 601 F. Supp. 426, 428 (S.D. W. Va. 1984). An attorney's status as an officer of the court does not make that attorney an actor under color of state law for the purposes of an action under 42 U.S.C.§ 1983 either. *Tidik v. Ritsema,* 938 F. Supp. 416, 425 (E.D. Mich. 1996). Because

the defendant was not acting under color of state law in representing plaintiff as his attorney in his criminal case, plaintiff's § 1983 action alleging the ineffective assistance of counsel must be dismissed. *See Cudejko v. Goldstein,* 22 Fed. Appx. 484, 485 (6th Cir. 2001).

Additionally, although private citizens acting in concert with state officials may be subject to § 1983 liability, *see Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), a claim of conspiracy must be pled with some specificity and vague and conclusory allegations that are unsupported by material facts are insufficient to state a § 1983 claim. *Farhat v. Jopke,* 370 F. 3d 580, 599 (6th Cir. 2004). In this case, plaintiff's conclusory and unsupported allegations that his attorney conspired with the prosecutor are insufficient to state a claim under Section 1983. *Simmons v. Sacramento County Superior Court*, 318 F. 3d 1156, 1161 (9th Cir. 2003). Because plaintiff's allegation that the defendant conspired with the state prosecutor was not pled with any degree of specificity, plaintiff has failed to state a claim upon which relief can be granted. *Horton v. Martin,* 137 Fed. Appx. 773, 776 (6th Cir. 2005).

Finally, because plaintiff's complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)). Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous

or meritless to be served upon these defendants, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## V. CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

Dated: April 5, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 5, 2011, by electronic and/or ordinary mail and also to Christopher Hernandez at Wayne County Jail - Division 1, 570 Clinton Street, Detroit, MI 48226.

S/Josephine Chaffee
Deputy Clerk